Minute Order (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7954 | **DATE** | 5/31/2001 |
| **CASE TITLE** | AA SALES & ASSOCIATES, et al vs. JT&T PRODUCTS CORP., e | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court grants defendants' award of attorneys' fees as modified by this Opinion. The Court denies defendants' motion for an award of disbur the contract and costs under Rule 54(d), pending the parties' submission of supplemental information. Defendants submit to the Court within ten days of the date of this Opinion: (1) an amended compilation of attorneys' fees th modifications and deletions set forth herein; (2) an amended compilation of fees for disbursements that lists only not Rule 54(d) costs, and an explanation of the reasonableness of those disbursements; (3) a copy of their original if the original does not comport with the principles set forth herein, an amended bill of costs. Plaintiffs are gi thereafter to file objections to: (1)defendants' revised calculation of the amount due for attorneys' fees; and (2) an and disbursement information submitted by defendants.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | JUN 4 2001 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | *eav* |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 01 JUN -1 AM 11: 53 | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 4 – 2001

AA SALES & ASSOCIATES, INC. )
and TRADE AMERICA CORP., )
)
Plaintiffs, )
)
v. )   No. 98 C 7954
)   Paul E. Plunkett, Senior Judge
JT&T PRODUCTS CORP. and )
JEROME R. NELSON, )
)
Defendants. )

JUN 4 2001

## MEMORANDUM OPINION AND ORDER

The case is before the Court on defendants' motion for attorneys' fees and costs. For the reasons set forth below, the Court finds that defendants are entitled to recover reasonable attorneys' fees and disbursements under the contract and statutory costs that are reasonable and were necessary to the litigation under Federal Rule of Civil Procedure ("Rule") 54(d). Unfortunately, the Court cannot quantify the award of fees or the amount of taxable costs from the information submitted. After the parties submit supplemental information, the Court will finalize the award of fees, disbursements and costs.

## Discussion

The contract on which this lawsuit was based contains the following provision:

> The parties hereby agree that any action to enforce or interpret this agreement or any action arising out of the matters set forth herein (except for equitable injunctive or declaratory relief and any attachment proceedings) shall be resolved through arbitration instituted before the American Arbitration Association. Furthermore, in any such action or action to [sic] seeking equitable injunctive or declaratory relief and any attachment proceedings the prevailing party shall be entitled to reimbursement for all costs of such arbitration including reasonable attorney's fees.

(Defs.' Mem. Law Supp. Mot. Award Att'ys' Fees, Ex. 1, ¶ 17.) There is no question that defendants prevailed in this suit. Plaintiffs contend, however, that this provision applies only to arbitrations, and thus, does not require them to reimburse defendants for any fees they expended in connection with this case.

We disagree. Plaintiffs reach this conclusion by isolating the phrase "the prevailing party shall be entitled to reimbursement for all costs of *such arbitration*" from the rest of the paragraph. But contract provisions must be viewed as a whole, not parsed into separate clauses or phrases. In re Estate of Savage, 73 Ill. App. 3d 656, 659, 392 N.E.2d 263, 266 (1st Dist. 1979). Read as a whole, the meaning of the second sentence is clear: attorneys' fees expended in arbitrations *or* in actions seeking equitable, injunctive or declaratory relief are recoverable. If the parties had intended that attorneys' fees would be recoverable only for arbitrations, they would have said just that. They did not. Rather, they specifically mentioned actions for equitable, injunctive and declaratory relief at the start of the sentence that authorizes the recovery of fees. We must presume that the parties chose that language intentionally. See id. ("It is presumed that parties do not insert meaningless words and phrases into contracts."). Thus, the only reasonable interpretation of this provision is that

a party who prevails in an action for equitable, injunctive or declaratory relief, in this case defendants, can recover the fees and costs they expended in that proceeding.

To support their fee request, defendants have submitted a compilation of the time records of the attorneys who worked on this case and of the disbursements billed to them by their counsel. Plaintiffs contend that the compilations are insufficient; that only the original, contemporaneous records will suffice. (Pls.' Resp. & Objections Defs.' Mot. Award Att'ys' Fees at 6.) Absent the original time records, plaintiffs contend, defendants' fee petition must be denied.

We disagree. A properly supported fee petition, the Illinois courts have said, "must specify the services performed, by whom they were performed, the time expended thereon and the hourly rate charged therefor." Kaiser v. MEPC Amer. Properties, Inc., 164 Ill. App. 3d 978, 984, 518 N.E.2d 424, 427 (1st Dist. 1987). With respect to attorney time, defendants' fee petition contains the requisite information. The petition sets forth the hourly rates charged by each lawyer, describes the work that was performed for the time billed, identifies the date it was performed and the person who performed it. Moreover, Timothy Klenk, the defense attorney who supervised the case, assigned other staff members to it and reviewed the bills that were sent to defendants, attests that the rates charged for each lawyer are those that the firm customarily charges its clients and that the compilation accurately reflects the time billed. (See Defs.' Mem. Law Supp. Mot. Award Att'ys' Fees at 3-5 & Klenk Verification.) Because it contains the necessary information, we will not deny defendants' fee petition because of the form in which they chose to present it.

Plaintiffs also argue that the equities in this case militate against awarding fees to defendants. The parties raised the successors and assigns issue, which we ultimately found to be dispositive, at the motion to dismiss stage, but we did not address it until summary judgment. Had we addressed

it sooner, the costs associated with defendants' parole evidence discovery and summary judgment preparations could have been avoided. Under the circumstances, plaintiffs contend, it would be inequitable to impose those costs on them.

Once again, we disagree. It is clear, in hindsight, that plaintiffs' claims could have been dispatched more expeditiously. But the course of litigation does not always run smoothly, and plaintiffs assumed the risk of a bumpy ride when they filed this suit. Though plaintiffs believe it is unfair to impose the costs of the Court's inefficiency on them, it would be less fair to impose them on defendants, the prevailing party in this case. Accordingly, we will not deny defendants' motion on that basis.

On the whole, defendants' request for fees is reasonable. Generally, the case was well-staffed with Mr. Spathis and Mr. Klenk, who had nearly ten and more than twenty years, respectively, of litigation experience, at the helm. The laboring oar was taken by Mr. Spathis, whose hourly rate is considerably less than that of Mr. Klenk. Mr. Spathis was assisted with research and other discrete projects by lawyers whose hourly rates were even less than his. (Defs.' Mem. Law Supp. Mot. Award Att'ys' Fees at 3-4 & n.2.) Moreover, the total amount of fees, disbursements and costs sought, approximately $56,000, is not unreasonable for a case that spanned two years and required briefing a motion to dismiss and a summary judgment motion, taking or defending seven depositions and appearing in court six times, once for oral argument on the summary judgment motion, all for California-based clients.

That does not mean, however, that defendants are entitled to recover all of the fees that they seek. The contract clearly confines reimbursement to lawsuits for equitable, injunctive and declaratory relief. Plaintiffs' complaint was comprised of four claims: two for damages (Counts II

and IV) and two for equitable or declaratory relief (Counts I and III). Thus, only those fees that were billed for work on the latter two claims are recoverable. If any time description is too vague to determine whether work was devoted to a covered claim or a noncovered claim, it will be disallowed. If a time entry reflects work on both covered and noncovered claims, we will reduce by half the total time billed. Moreover, defendants are entitled to recover fees and costs that they expended on covered claims, only to the extent that they are reasonable. Kaiser, 164 Ill. App. 3d at 983, 518 N.E.2d at 427. Thus, any time entries that are duplicative or otherwise excessive will be disallowed.

With these principles in mind, we turn to the time entries themselves. First, we disallow all of the time entries for Jerome K. Bowman, whose involvement was sporadic and whose role is cryptically described as "assist[ing] Mr. Spathis as necessary."[1] (Defs.' Mem. Law Supp. Mot. Award Att'ys' Fees at 4 n.2.) Aside from creating a litigation budget, the work for which Mr. Bowman billed was also performed by at least one and often two other attorneys. Absent some compelling explanation of the need for Mr. Bowman's services, and defendants have provided none, his time is not recoverable. Thus, all of Mr. Bowman's time must be deleted.

Likewise, any time devoted by other attorneys to conferences solely with Mr. Bowman must be deleted. If a conference with Mr. Bowman is included in a larger time entry and it is impossible to determine how much time was devoted to the conference, the entire entry will be disallowed. For

---

[1] The fee petition indicates that Mr. Klenk supervised and staffed the case, that Mr. Spathis performed most of the day-to-day work on the case, that Mr. Starkman was designated as trial counsel for the case, that Mr. Elvin and Mr. Klinghoffer did legal research for the case and that Ms. Phanthavong covered one routine court appearance on the case. (See Defs.' Mem. Supp. Mot. Award Att'ys' Fees at 3-4 & n.2.) Given this division of labor, it is not at all clear that Mr. Bowman's assistance was, in fact, necessary.

that reason, Mr. Spathis' time entries for January 5, 1999, January 13, 1999,[2] February 4, 1999,[3] February 8, 1999, August 12 and 19, 1999, December 10, 1999, March 31, 2000, May 17, 2000 and June 26, 2000 must be deleted.

Defendants also may not recover for Mr. Spathis': (1) January 8, 1999 "[t]elephone conversation with counsel confirming authority to waive service," as Mr. Spathis billed for another call on the same, decidedly straightforward, issue three days later; (2) work on January 12, 1999 in connection with plaintiffs' claim for damages under the Illinois Sales Representatives Act; (3) work on January 14, 1999 and February 1, 1999 because the time descriptions are too vague for us to determine the claims on which he was working; (4) work on February 5, 1999 because the time is not segregated between work that is at least partially compensable (i.e., drafting memorandum in support of motion to dismiss) and that which is not (i.e., research on Illinois Sales Representative Act and covenant of good faith and fair dealing); and (5) work on February 25, 2000 drafting subpoenas, document riders and notices of deposition for Iavarone and Bolon because he billed for the same work on December 2, 1999.[4]

Further, the time billed by Mr. Spathis on January 4 and 7, 1999, February 2, 3, 6, 10, 11, 24 and 25, 1999 and March 15, 16, 17, 18 and 19, 1999, by Mr. Starkman on February 24 and 25, 1999 and March 16, 1999 and by Mr. Klenk on December 17, 1998, January 6, 1999, February 8,

---

[2] The other work listed in this entry is research and a teleconference concerning the Illinois Sales Representative Act, fees for which are also not recoverable.

[3] Unidentified research, fees for which are also not recoverable, is also included in this time entry.

[4] Mr. Spathis' February 25, 2000 time entry also includes time spent drafting two letters. Because we cannot determine how much time he devoted to those two letters as opposed to the subpoenas and deposition notices, however, all of the time is disallowed.

9 and 11, 1999 and March 17 and 18, 1999 must be reduced by half because that work was devoted to both covered and noncovered claims.

Finally, the time billed by DFS on March 18, 1999 and BAL on November 24, 1999 must be deleted because the fee petition does not identify these people or set forth the rates at which their time was charged. Similarly, the time billed by Mr. Spathis on July 27, 2000 must be deleted because he charged for a "[c]onference with RJR re discovery," but discovery was closed by that date and the petition does not identify RJR.

Defendants' request for costs and disbursements has similar problems. First, defendants do not clearly segregate the disbursements recoverable under the contract from the costs recoverable under Rule 54(d).[5] This ostensibly ministerial task is important because the costs recoverable under Rule 54(d) are narrowly circumscribed by statute:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Any costs that do not fall into these categories, long distance, fax, messenger and postage charges, for example, can be recovered only under the contract.

---

[5] Apparently, defendants filed a bill of costs, and plaintiffs filed objections to it, some months ago. The Court, however, does not have a copy of the bill of costs. In the absence of that document, we will discuss the general principles applicable to cost requests and order defendants either to refile their bill of costs or to file an amended bill of costs, if their previous submission does not comport with the principles set forth in this Memorandum Opinion and Order.

To award costs under Rule 54(d), we must determine that there is statutory authority for the costs sought to be recovered and that the costs are reasonable and were necessary to the litigation. Id. According to the statute, defendants can recover costs to photocopy "papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "The phrase 'for use in the case' refers to materials actually prepared for use in presenting evidence to the court." McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir. 1990) (internal quotation marks and citation omitted). "In other words, photocopying charges attributable to discovery and the court's copies of pleadings, motions, and memoranda are reasonably necessary for use in the case and can be awarded" under Rule 54(d), but copies of other documents or those made solely for attorney convenience cannot. White v. Sunstrand Corp., No. 98 C 50070, 2000 WL 1576319, at *3 (N.D. Ill. Oct. 19, 2000); see McIlveen, 910 F.2d at 1584.

Defendants have provided no support for their request to recover for in-house photocopying under Rule 54(d). They do not indicate what documents were copied, why they were copied, how many pages were copied or the price per page charged for the copying. Thus, we cannot determine whether there is statutory authority for recovering the cost of these copies or whether they were reasonable and necessary to the litigation.[6]

Defendants' request for court reporter fees has the same problem. Like copy charges, court reporter fees are recoverable if the transcripts were necessary to the case and the charges are reasonable. The reasonableness of the charges is dictated by Local Rule 54.1, which provides:

> If in taxing costs the clerk finds that a transcript or deposition was necessarily obtained, the costs of the transcript or deposition shall not exceed the regular copy

---

[6] Defendants' failure to demonstrate the reasonableness of these charges also precludes their recovery under the contract.

-8-

rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court. Except as otherwise ordered by the court, only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed.

See Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 456 (7th Cir. 1998) (noting that Judicial Conference rates "apply to deposition charges by private court reporters" as well as transcript charges by official court reporters); VI JUDICIAL CONFERENCE OF THE UNITED STATES, GUIDE TO JUDICIARY POLICIES & PROCEDURES, COURT REPORTERS MANUAL, ch. 20, pt. 20.3 (1998) (setting forth the following prices per page for transcripts:

| Type of Transcript | Original | Copy to Each Party | Each Add'l Copy to Same Party |
|---|---|---|---|
| Ordinary | $3.00 | $.75 | $.50 |
| Expedited | $4.00 | $.75 | $.50 |
| Daily | $5.00 | $1.00 | $.75 |
| Hourly | $6.00 | $1.00 | $.75). |

Though the relevance of the depositions is clear, defendants have not given us any basis for determining whether the court reporter fees are reasonable.

Defendants' request for disbursement-type expenses is also problematic. Though they have explained the need for the long distance telephone, fax and overnight mail charges and the need for computerized legal research is apparent, they have not explained why it was necessary to perform a Courtlink search, to use messenger services, or to procure documents from another case involving JT&T Products. Absent that information, we cannot determine whether these charges are reasonable and, therefore, eligible for reimbursement under the contract.

In sum, we find that defendants are entitled to recover under the contract reasonable attorneys' fees and disbursements that they spent defending against plaintiffs' claims for equitable and declaratory relief and under Rule 54(d) statutory costs that are reasonable and were necessary to the litigation. However, we need supplemental information from defendants to quantify the amounts to which they are entitled. After the Court receives supplemental information from defendants and any objections to it from plaintiffs, we will enter a final judgment on fees, disbursements and costs.

## Conclusion

For the reasons set forth above, the Court grants defendants' motion for an award of attorneys' fees as modified by this Memorandum Opinion and Order. The Court denies defendants' motion for an award of disbursements under the contract and costs under Rule 54(d), pending the parties' submission of supplemental information. Defendants are ordered to submit to the Court within ten days of the date of this Memorandum Opinion and Order: (1) an amended compilation of attorneys' fees that reflects the modifications and deletions set forth herein; (2) an amended compilation of fees for disbursements that lists only disbursements, not Rule 54(d) costs, and an explanation of the reasonableness of those disbursements; (3) a copy of their original bill of costs or, if the original does not comport with the principles set forth herein, an amended bill of costs. Plaintiffs are given seven days thereafter to file objections to: (1) defendants' revised calculation

of the amount due for attorneys' fees;[7] and (2) any amended cost and disbursement information submitted by defendants.

ENTER:

UNITED STATES DISTRICT JUDGE

DATED: 5-31-01

---

[7]The Court will not entertain further substantive argument from either party on the attorneys' fees portion of defendants' motion. Because both parties had adequate opportunity to present their evidence and arguments and the Court was in possession of all the materials filed, we will not revisit our decision on that portion of the motion.