# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7954 | **DATE** | 7/24/2001 |
| **CASE TITLE** | AA SALES & ASSOCIATES,INC..et al vs. JT&T PRODUCTS CORP.,et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: the Court finds that defendants are entitled to recover, pursuant to their contract with plaintiffs, $47,382.28 for attorney's fees and expenses and $2922.43 in statutory costs for their work on this case up to the appeal. Therefore, judgment will be entered in defendants' favor against plaintiffs in the amount of $47,382.28 and costs will be taxed in the total amount of $2922.43. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | Document Number |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | JUL 2 7 2001 | |
| | Notified counsel by telephone. | | | date docketed | 46 |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| TBK | courtroom deputy's initials | | | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

JUL 2 7 2001

| | | |
|---|---|---|
| AA SALES & ASSOCIATES, INC.<br>and TRADE AMERICA CORP., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 98 C 7954 |
| | ) | Paul E. Plunkett, Senior Judge |
| JT&T PRODUCTS CORP. and<br>JEROME R. NELSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The case is before the Court on defendants' motion for attorneys' fees and costs. For the reasons set forth below, the Court finds that defendants are entitled to recover under the parties' contract a total of $47,382.28 in fees and expenses incurred up to the filing of the appeal and $2922.43 in statutory costs.

## Discussion

For the purposes of the fee dispute, this lawsuit can be divided into three phases: (1) inception of the suit until August 4, 1999, when the last noncovered claim[1] was dismissed; (2) August 5, 1999 until October 2000, when defense counsel worked solely on covered claims; and (3) October 2000 to the present, when defense counsel worked on fee issues and on the appeal. Our first opinion on this fee dispute was devoted to the first two phases. In it, we instructed defendants to reduce by half various pre-August 1999 time entries that reflected work on both covered and noncovered claims. Defendants complied with our instruction, but plaintiffs contend that five additional entries, for Mr. Spathis' work on January 11, 1999, May 6, 1999 and August 10, 1999 and Mr. Klenk's work on June 9, 1999 and August 10, 1999, also reflect "mixed" work, and thus, should be halved. The Court agrees as to: (1) Mr. Spathis' May 6, 1999 time, which was spent reviewing Judge Alesia's order granting defendants' motion to dismiss in part and conferring about it with Mr. Klenk; (2) Mr. Spathis' August 10, 1999 time, which was spent reviewing this Court's August 4, 1999 Order granting defendants' motion to dismiss in part and conferring with Mr. Klenk about it; and (3) Mr. Klenk's corresponding time entry for August 10, 1999. The Court disagrees, however, as to Mr. Spathis' January 11, 1999 time, which was devoted to waiver of service, because he would have had to spend time on that issue regardless of the nature of the claims in the suit. Mr. Klenk's June 6, 1999 time, which was spent preparing for and attending a status hearing, is fully recoverable for the same reason.

---

[1] As we noted in our first opinion on this fee dispute, the parties' contract permits recovery of attorney's fees and costs incurred in proceedings for equitable, injunctive and declaratory relief. Plaintiffs filed four claims: two for equitable and declaratory relief ("the covered claims," and two for damages ("the noncovered claims").

Similarly, the expenses that defendants incurred in the first phase of the litigation must also be reduced. Thus, the telecopier charges for January through March 1999, the computerized legal research charge for March 31, 1999, the Courtlink charge for June 30, 1999 and the photocopy costs incurred for making working copies of documents during the first phase of the litigation must be cut in half.[2]

Our first opinion also instructed defendants to establish the reasonableness of various expenses and statutory costs they incurred during the first two phases of this fee dispute. Defendants have adequately explained the need for the Courtlink search and their use of an outside service to obtain documents in a related case, but they have not explained why it was necessary to use messenger services. Therefore the charges for messenger services incurred on October 29, 1999, November 5, and 26, 1999, December 10, 1999 and March 10, 2000, a total of $30.00, are not recoverable.

We also directed defendants to reduce their request for deposition transcript costs in accordance with Local Rule 54.1. Defendants have done so, but have also included court reporter attendance fees and delivery charges in their request, costs that plaintiffs contend are not recoverable. The Court disagrees. Fees charged by court reporters to attend depositions and deliver completed transcripts are "[f]ees of the court reporter," which are recoverable under Federal Rule of Civil Procedure ("Rule") 54(d). See 28 U.S.C. § 1920(2); Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 457 (7th Cir. 1998) (noting that "[t]he costs of the court reporter were properly taxed against plaintiff"). Thus, defendants properly included those charges in their bill of costs.

---

[2]The photocopy charges are discussed in more detail below.

The only remaining issue from the first two phases of the case concerns the photocopying charges that defendants seek to recover as a statutory cost. As we noted in our first opinion, only "photocopying charges attributable to discovery and the court's copies of pleadings, motions, and memoranda . . . can be awarded" under Rule 54(d). <u>White v. Sunstrand Corp.</u>, No. 98 C 50070, 2000 WL 1576319, at *3 (N.D. Ill. Oct. 19, 2000); <u>see</u> <u>McIlveen v. Stone Container Corp.</u>, 910 F.2d 1581, 1584 (7th Cir. 1990) (noting that charges for copies made for counsel's use are not recoverable). Plaintiffs contend that defendants are not entitled to recover any of their copy costs because they did not provide a "specific explanation of the documents copied or why they were copied." (Pls.' Objections Defs.' Supplemental Mem. Supp. Award Fees ¶ 5.) The Court disagrees. Defendants need not identify every piece of paper they copied and their reason for doing so to recover their copy costs. Their estimate that ninety percent of the copies they made before October 2000 "related to document discovery, the preparation of deposition exhibits, and/or the filing of pleadings with [the] Court" is sufficient to render those costs recoverable under Rule 54(d). (Defs.' Supplemental Mem. Supp. Mot. Award Att'ys' Fees at 3.) The materials submitted with their bill of costs indicates that defendants spent a total of $1257.20 on photocopies in the first two phases of the case. Thus, they may recover ninety percent of that amount, $1131.48, as costs under Rule 54(d).[3] Of the remaining $125.72, which was incurred to create working copies of documents, defendants can recover $122.13 ($118.54, ten percent of the copy charges incurred in the second phase of the case, plus $3.59, half of ten percent of the copy charges incurred in the first phase of the case) as expenses under the contract.

---

[3] Defendants' amended bill of costs seeks $948.60 for photocopies. The Court has been unable to determine how defendants arrived at that figure. Their supporting materials, however, establish that they are entitled to $1131.48 for photocopy costs.

Defendants' supplemental fee petition also seeks fees for the last phase of this litigation, from October 2000 to the present, for defense counsel's work on the fee dispute and the appeal. Plaintiffs contend that defendants are not entitled to recover fees for the time they spent seeking fees because they "did not prevail in whole" on the petition. (Pls.' Objections Defs.' Supplemental Mem. Supp. Award Fees ¶ 2.) The Court disagrees. The parties' settlement agreement entitles the party who prevails in "any action [for equitable, injunctive or declaratory relief] to enforce or interpret th[e] agreement" or "any action [for equitable, injunctive or declaratory relief] arising out of the matters set forth" in the agreement to "reimbursement of all costs . . . including reasonable attorney's fees." (Defs.' Mem. Law Supp. Mot. Award Att'ys' Fees, Ex. A, ¶ 17.) Defendants' fee petition is incident to the action in which they prevailed, not a separate action in which they must prevail to establish their entitlement to fees. Thus, defendants' failure to recover all of the fees they requested does not preclude them from seeking the fees they expended to recover their fees.

As with all of the other fees they spent in connection with this suit, however, defendants may recover their "fees for fees" only if they are reasonable. Kaiser v. MEPC Amer. Properties, Inc., 164 Ill. App. 3d 978, 983, 518 N.E.2d 424, 427 (1st Dist. 1987). Given that the settlement agreement permits defendants to recover fees solely for work on their claims for equitable and declaratory relief, it was unreasonable for them to seek fees for work on their damages claims as well. Accordingly, we will reduce by half the "fees for fees" defendants seek, that is: (1) Mr. Spathis' time entries for November 16, 17, and 21, 2000, December 1, 7, 15, and 22, 2000, January 9, 16, and 18, 2001, April 20, 23, 27, and 30, 2001, and May 1-3, 2001; (2) Mr. Klenk's time entries for December 21, 2000 and January 12, 2001; (3) JEK's time entry for December 15, 2000; and (4) MLP's time entry for

January 16, 2001. Similarly, the costs for computerized legal research on December 31, 2000,[4] and March 30, 2001, which were devoted to work on the fee petition, will be halved.

Plaintiffs also argue that defendants' request for fees that they spent defending their victory on appeal is premature. The Court agrees. Defendants have not yet prevailed in their appellate action. It is not appropriate to award them fees spent on that action unless and until they do. Thus, we will deduct from defendants' request all fees and expenses devoted in whole or in part to their appellate action, that is: (1) Mr. Spathis' time entries for November 1, and 15, 2000, December 6, 8, 11, 13, and 14, 2000, January 24, 2001, February 27, 2001, March 6, 22, and 23, 2001, April 10-18, 24, and 26, 2001, May 4, 7, 10-12, and 14-16, 2001; (2) Mr. Klenk's time entries for November 16, 2000, April 18, 2001, May 14-16, 2001; (3) MMK's time entry for April 18, 2001; (4) LMC's time entries for April 26, 2001 and May 14, 2001; (5) AXM's time entry for April 26, 2001; and (6) RJR's time entries for May 11, and 14, 2001. In addition, there are three time descriptions, for Mr. Spathis' work on February 8, 2001, March 21, 2001 and March 26, 2001, that are too vague to enable us to determine whether the work was devoted to the fee petition or the appeal. As a result, those fees are not recoverable.

Finally, we have assumed, as defendants do, that any expense incurred after October 2000 that is not specifically identified as being related to the fee dispute was incurred in connection with the appeal. Accordingly, none of the expenses listed under "Disbursements" in defendants' supplemental memorandum are recoverable at this time except the three computerized legal research charges for December 2000 and March 2001, discussed above.

---

[4]Clearly, the December 31, 2001 date listed in the fee petition is a clerical error.

To summarize, defendants are entitled to recover under Rule 54(d) $2922.43 in costs.[5] Defendants are entitled to recover under the contract $41,743.80 in attorneys fees for the first two phases of the litigation,[6] $4025.75 for the fees phase of the litigation[7] and $1612.73 in expenses for the first three phases of this case,[8] for a total of $47,382.28 in recoverable fees and expenses.

## Conclusion

For the reasons set forth above, the Court finds that defendants are entitled to recover, pursuant to their contract with plaintiffs, $47,382.28 for attorney's fees and expenses and $2922.43 in statutory costs for their work on this case up to the appeal. Therefore, judgment will be entered

---

[5]This figure represents $151.00 (for service of subpoenas) + $1559.95 (for deposition costs) + $80.00 (for witness fees) + $1131.48 (for photocopies).

[6]This figure represents $42,037.80 (the amount sought by defendants) - $294.00 (half of the time billed by Mr. Spathis on May 6, and August 10, 1999 and Mr. Klenk on August 10, 1999).

[7]This figure represents $171.00 (the time billed by Mr. Klenk on November 17, 2000 and Mr. Spathis on November 29, 2000, which was devoted to the bill of costs) + $ 26.00 (the time billed by MLP on January 16, 2001 to file the motion for fees, which would have been incurred even if the petition had been properly limited in scope) + $3828.75 (half of the time billed by Mr. Spathis on November 16-17, and 21, 2000, December 1, 7, 15, and 22, 2000, January 9, 16, and 18, 2001, April 20, 23, 27, and 30, 2001 and May 1, 2, and 3, 2001; by JEK on December 15, 2000; and by Mr. Klenk on December 21, 2000 and January 12, 2001).

[8]This figure represents $122.13 (for working copies) + $73.08 (half of the January, February and March 1999 telecopier charges, March 31, 1999 computerized legal research charge and the June 1999 Courtlink search) + $1336.35 (telecopier charges for October 1999, November 1999, August 2000 and October 2000, charges for an outside service to obtain copies of documents in a related case, long distance telephone charges for March, May, June, August and October 2000, computerized legal research charges for April 1, 2000 and May 1, 2000 and the UPS charge for May 2, 2000) + $81.17 (half of the computerized legal research charges for December 31, 2000 and March 30, 2001).

in defendants' favor and against plaintiffs in the amount of $47,382.28 and costs will be taxed in the total amount of $2922.43. This is a final and appealable order.

**ENTER:**

_____

**SENIOR UNITED STATES DISTRICT JUDGE**

DATED: _July 24, 2001_