# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7954 | **DATE** | 4/18/2002 |
| **CASE TITLE** | AA SALES & ASSOCIATES,INC.,et al vs. JT&T PRODUCTS CORP.,et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court finds that defendants are entitled to recover $11,385.38 for attorneys' fees and expenses for their work on the appeal in this case. Judgment will be entered in defendants' favor and against plaintiffs in the amount of $11,385.38. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | APR 1 9 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 64 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| TBK | courtroom deputy's initials | | | |

CLERK, U.S. DISTRICT COURT

02 APR 18 AM 9:18

FILED_ED 18

Date/time received in central Clerk's Office

mailing deputy initials

DOCKETED

APR 1 9 2002

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

AA SALES & ASSOCIATES, INC.    )
and TRADE AMERICA CORP.,      )
                             )
        Plaintiffs,      )
                             )
     v.                   )     No. 98 C 7954
                             )     Paul E. Plunkett, Senior Judge
JT&T PRODUCTS CORP. and     )
JEROME R. NELSON,         )
                             )
        Defendants.    )

APR 1 9 2002

## MEMORANDUM OPINION AND ORDER

The case is before the Court on defendants' second supplemental motion for attorneys' fees and expenses. For the reasons set forth below, the Court finds that defendants are entitled to recover under the parties' contract a total of $11,101.00 in attorneys' fees and $284.38 in expenses incurred in connection with the appeal.

## Discussion

Defendants may recover the fees and expenses they incurred in defending the appeal only if they demonstrate that they are reasonable. Kaiser v. MEPC Amer. Properties, Inc., 518 N.E.2d 424, 427 (Ill. App. Ct. 1987).[1] Plaintiffs contend that defendants' request should be denied because it

---

[1]This is the second time that defendants have sought to recover under the contract, which provides for the payment of attorneys' fees to the party that prevails in any action for equitable,

64

does not indicate the experience of the attorneys involved or the usual and customary rates for comparable service or demonstrate a connection between the fees spent and the amount involved in the litigation. The Court disagrees with each contention.

First, defendants' previous fee request detailed the education and experience of Messrs. Spathis and Klenk, the attorneys by whom the bulk of the fees were billed. (See Defs.' Mem Law Supp. Mot. Award Att'ys' Fees at 3-4.) Having previously provided that information to the Court, it was not necessary for defendants to submit it again. Moreover, defendants previously identified the billing rates of each attorney, which they say were the rates actually charged by the firm and are consistent with the rates charged for comparable service in the Chicago area. (Id.; Defs.' Second Supplemental Mem. Supp. Mot. Award Att'ys' Fees at 2.) Finally, though defendants did not discuss the relationship between the amount of fees spent on the appeal and the amount in controversy in the case, we do not think that factor has much relevance in this context. Plaintiffs filed the appeal, not defendants. Once it was filed, defendants had only two choices: spend more money to defend the judgment or risk losing both the judgment and the substantial sum of money they had invested to secure it. Given those choices, it would have been unreasonable for defendants to sit out the appeal, even if participating in it meant that their legal bill would exceed the amount at stake in the case.

---

injunctive or declaratory relief, for the attorneys' fees they incurred on appeal. The first time they did so, plaintiffs' sole objection to the request was that it was premature. (See Pls.' Objections Defs.' Supplemental Mem. Supp. Award Fees ¶¶ 3-4.) This time, plaintiffs object on the grounds that the request is unreasonable. (See generally Pls.' Resp. Defs.' Second Supplemental Req. Fees & Costs.) Because plaintiffs have never argued that the fee-shifting provision does not apply to appellate fees, the Court deems them to have waived that argument.

Plaintiffs also argue that the fee request should be rejected because it does not specify the time devoted to each individual task, as is required by Kaiser. Plaintiffs read that case too broadly. The Kaiser court did not say that fee requests containing aggregated hourly totals must be rejected out of hand. Rather, it said that parties who file such requests, which are difficult to evaluate objectively, commit them to the subjective judgment of the court and have little room to complain if that judgment disappoints them. 518 N.E.2d at 430-31. Thus, the fact that defendants' request contains aggregate hourly totals is not, by itself, a reason for denying it.

In addition to those general objections, plaintiffs also have a number of specific objections to defendants' request. First, they say that $23,385.64, the total amount sought by defendants for their work on the appeal, is excessive. The Court agrees. Defendants were awarded slightly more than $50,000.00 in fees, expenses and costs for their district court work, which "spanned two years, . . . required briefing a motion to dismiss and a summary judgment motion, taking or defending seven depositions and appearing in court six times." (6/4/01 Mem. Opinion & Order at 4.) It should not have cost nearly half that amount to draft one appellate brief and prepare for one oral argument. Given the fact that Mr. Spathis had thoroughly briefed and argued the issues before this Court, the 33.9 hours he devoted to the appellate brief and the 24.2 hours he devoted to the oral argument, his time entries for December 6, 2000, March 22, 2000, April 10-18, 2001 and May 10-12, 14-16, 2001, will be halved.

Two other attorneys, Mr. Klenk and Mr. Rappaport, also billed time for preparing the brief or helping Mr. Spathis prepare for the argument. Plaintiffs say that their time was unnecessary and should be disallowed. The Court agrees, in part. Mr. Rappaport, who defendants describe only as "a partner with substantial appellate experience," billed 2.3 hours for preparing to meet, and meeting

3

with, Messrs. Spathis and Klenk in preparation for the oral argument. Defendants' failure to elaborate on Mr. Rappaport's experience and the vagueness of his time descriptions precludes them from recovering for his fees.

The bulk of Mr. Klenk's time, however, is recoverable. It is reasonable that Mr. Klenk, as the most senior attorney on the case, would review the brief prepared by Mr. Spathis and help him prepare for the oral argument. We agree, however, that two of Mr. Klenk's time entries are not recoverable: (1) the May 15, 2001 entry for "[c]onferences with LDL and GJS re preparation for oral argument" because defendants have not identified LDL or described his or her role in this case; and (2) the May 16, 2001 entry for attending the oral argument because his attendance at the argument was not necessary.

Plaintiffs also contend that they should not be responsible for fees that, it appears from defense counsel's bill, were incurred for correcting their appellate filing. The Court agrees. Defense counsel should have been able to determine how properly to prepare their appellate papers by making a telephone call to the appellate court or to an experienced appellate practitioner. The fees they incurred as a consequence of failing to do so, Mr. Spathis' time entries for April 24 and 26, 2001 and Mr. Corridan's time entry for April 26, 2001, are unreasonable and unrecoverable.[2]

Plaintiffs also renew their objection to defendants' request for fees they spent in connection with their fee petition. They have not, however, offered any reason for the Court to depart from its earlier ruling that half of defendants' "fees for fees" are recoverable. (See 7/24/01 Mem Op. &

---

[2]It may be that the situation was not as the billing entries suggest and that defense counsel's actions were entirely appropriate. But defendants, with whom the burden rests, made no effort to explain those entries or to justify the expenditure of these fees. As a result, they may not recover for them.

Order at 5.) Consequently, that ruling stands and defendants may recover for half of Mr. Spathis' work on November 15, 2000, December 8, 11, 13, 14, 2000 and May 3, 2001 and Mr. Klenk's work on November 16, 2000.[3]

Plaintiffs also contend that defendants should not recover for Mr. Spathis' work on November 1, 2000 because he billed for a status call to Frank Acuna, whom defendants do not identify. It is reasonable, however, to infer from defendants' submissions that Mr. Acuna is a representative of JT&T Products. The charge for the status call is, therefore, recoverable.

Plaintiffs also say that Lawrence Corridan's time entry for May 14, 2001 should be disallowed. The Court agrees. Mr. Corridan billed for a meeting with a Seventh Circuit Clerk's Office employee "regarding oral argument." Because defendants have not explained why that meeting was necessary, the time billed for it is not recoverable.

Defendants also seek to recover various expenses they incurred in connection with the appeal. The computerized legal research charges, which are identified as being related to the appeal, are recoverable. Defendants, who represent California-based clients, may also recover for their fax and long distance telephone charges. They have not, however, provided any justification for their use of a delivery service, rather than regular mail. Thus, the United Parcel Service charges are disallowed. Defendants' in-house photocopying charges are also disallowed because defendants have not provided any information, like what was copied and the price per page charged, that would enable us to determine whether those charges are reasonable.

---

[3]Many of these entries reference work on the appeal as well. Because it is impossible to determine from defendants' submission which portion of the time billed on those days was devoted to which issue, all of these entries will be halved.

In sum, defendants are entitled to recover under the contract $11,101.00 in attorneys' fees[4] and $284.38 in expenses[5] for their work on the appeal.

### Conclusion

For the reasons set forth above, the Court finds that defendants are entitled to recover $11,385.38 for attorneys' fees and expenses for their work on the appeal in this case. Judgment will be entered in defendants' favor and against plaintiffs in the amount of $11,385.38. This is a final and appealable order.

**ENTER:**

**UNITED STATES DISTRICT JUDGE**

**DATED:** 4-18-02

---

[4]This figure represents the amount billed by Mr. Spathis on November 1, 2000, January 24, 2001, February 27, 2001, March 6, 2001, and May 4 and 7, 2001 + half of the amount he billed on November 15, 2000, December 6, 8, 11, 13 and 14, 2000, March 22, 2001, April 10-18, 2001, and May 3, 10-12 and 14-16, 2001 + the amount billed by Mr. Klenk on April 18, 2001, and May 14, 2001 + half the amount billed by Mr. Klenk on November 16, 2000 + the amount billed by MMK on April 18, 2001 + the amount billed by AXM on April 26, 2001.

[5]This figure represents $1.53 (long distance charges through April 2001) + $179.58 (April 13, 2001 computerized legal research charge) + $51.44 (April 18, 2001 computerized legal research charge) + $5.14 (long distance telephone charges through May 2001) + $46.69 (telecopier charges through May 1, 2001).

6